IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT R. COLEMAN, #164290, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:21-CV461-WHA |
| | ) | [WO] |
| LARRY NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an indigent inmate, recently filed this 42 U.S.C. § 1983 action challenging conditions at the Autauga Metro Jail. Doc. 1. Upon receipt of this case, the court entered standard initial orders, Docs. 3 & 4, copies of which the Clerk mailed to Plaintiff at the address he provided for service.[1] The postal service returned these orders as undeliverable because Plaintiff no longer resides at this address.

Based on the returned mail, the undersigned entered an order requiring Plaintiff to inform the court of his current address on or before August 9, 2021. Doc. 5 at 1. This order specifically cautioned Plaintiff that if he failed to respond "this case would be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 5 at 1–2. As of the present date, the court has received no response from Plaintiff to the aforementioned order nor has Plaintiff provided the court with an address where he

---

[1] The last address provided to the court by Plaintiff is the Lowndes County Jail.

may be served as is necessary to his proceeding with this case.  The undersigned therefore concludes that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, it is clear that dismissal of this case is the proper course of action.  Initially, the administration of this case cannot properly proceed in Plaintiff's absence.  It likewise appears that Plaintiff is no longer interested in the prosecution of this case as he has not made his whereabouts known to the court.  Finally, under the circumstances of this case, the undersigned finds that any additional effort to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the undersigned concludes that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "the sanctions imposed [upon

2

dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to provide the court with a current address.

On or before **September 6-, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge will bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of August, 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE